JEFFERSON FRASER, APPELLANT, *v.* ARCALOUS WYCKOFF, RESPONDENT.

*Commissions — agreement to pay, upon sale of patent right — What constitutes sale.*

In September, 1857, plaintiff and defendant, the owner of a patent boring machine, entered into an agreement, whereby defendant agreed to pay plaintiff $1,500, provided he effected a sale, or obtained a customer who should pay $17,500 for said patent, or ten per cent on any less sum defendant might agree to take. In pursuance of said agreement, plaintiff had conversations with Swan and Hobbie, in consequence of which a copartnership was entered into between defendant and Hobbie and Swan, for selling rights under said patent, and the construction of water-works with the material to be made thereunder. The firm were to pay defendant $15,000 as follows: Twenty-five per cent of the net profits to be realized from the sale of rights secured by said patents, and twenty per cent of the net profits to be realized from the construction of water-works, until the whole amount should be paid. *Held*, that this agreement did not constitute such a sale as was contemplated and provided for by the contract between the parties to this action, and that plaintiff was not entitled to the commissions agreed to be paid upon such sale. (JAMES, J., dissenting.)

APPEAL from a judgment, rendered for the defendant for costs, upon the report of a referee.

The finding of the referee was, that plaintiff was a patent solicitor and expert; that in September, 1857, the defendant being the owner of a patent boring machine, entered into a contract with plaintiff to pay him $1,500, provided he effected a sale, or obtained a customer who would pay $17,500 for all the unsold territory of said patent; or that he would pay plaintiff ten per cent on any less sum which the defendant would agree to take; and if plaintiff should sell for more than $17,500, he to receive all above that sum in addition to the ten per cent; that plaintiff, without any unnecessary delay, commenced efforts to make a sale of said patent, and continued such efforts with reasonable skill and diligence until October 13, 1859; that during such period he repeatedly saw and conversed with J. S. Hobbie, and urged upon his attention said patent, and also on one L. B. Swan, and held conversations on said patent with Hobbie and Swan together.

That on October 13, 1859, defendant, Hobbie and Swan, entered into copartnership, under the firm name of Wyckoff, Hobbie & Co.,

for the purpose of selling rights secured by said patent, and in the business of constructing water-works, and which copartnership should continue for ten years, on the following terms : That said firm should pay Wyckoff for his unsold interest in said patent, except, etc., the sum of $15,000, as follows : Twenty-five per cent of the net profits to be realized from the sale of rights, and twenty per cent of the net profits to be derived from the construction of water-works, etc., until the whole should be paid ; and that on payment of said $15,000 by said firm, the interest of said Wyckoff in said patent should immediately vest in said copartners equally. That the conversations of said plaintiff with said Hobbie and said Swan, and his recommendations of, and information concerning, said patents, etc., to them, contributed to, and were in part the procuring cause of the making of, said agreement between defendant, Hobbie and Swan.

And, as conclusions of law, the referee held, that said agreement between defendant, Hobbie and Swan, was not such a sale, etc., as was contemplated by said contract between plaintiff and defendant, and that plaintiff had not therefore performed all the conditions of said contract, on his part, and directed judgment for the defendant.

*E. H. Benn*, for the appellant.

*E. P. Hart*, for the respondent.

BOARDMAN, J. :

The plaintiff claimed to recover of the defendant $1,500, as commissions earned in effecting a sale of a patent, invented and owned by defendant. The written contract under seal between the parties, upon which such claim is founded, bears date September 21, 1857, by which the defendant agreed to pay plaintiff $1,500, provided plaintiff effected a sale, or obtained a customer who should pay $17,500 for the unsold territory of said patent, or ten per cent on any less sum that defendant might agree to take.

The referee finds that the plaintiff made due efforts to effect such a sale, and at various times had conversations with one Isaac S. Hobbie, and once or oftener with one L. B. Swan, in reference thereto, prior to October 13, 1859, which contributed to, and were

in part, the procuring cause of the making of the agreement, hereinafter referred to, between defendant and said Hobbie and Swan.

On the 13th of October, 1859, said defendant and Hobbie and Swan entered into a copartnership, under the name of Wyckoff, Hobbie & Co., for the selling of rights under said patent, and for the construction of water-works with the materials to be made by them under said patent. The firm were, by such articles of copartnership, to pay defendant for his unsold interest in said patents, the sum of $15,000, as follows : Twenty-five per cent of the net profits to be realized from the sale of rights secured by said patents, and twenty per cent of the net profits to be realized from the construction of water-works, or the manufacture and sale of pipe made by augers and machinery, until the whole should be paid.

In consideration, the defendant agreed that his interest in said patents, etc., should immediately vest equally in said copartners, and that he would assign and convey his interests in said patents to said firm upon request, and in the mean time execute any assignment or conveyance of territory sold. Defendant, Hobbie and Swan were to devote their time and attention to the business, to share equally in the profits after payment of said $15,000, and to be equal partners in the business, and in the ownership of the patents.

Upon such facts found, the referee decided that the agreement between defendant, Hobbie and Swan, did not amount to or constitute such a sale as was contemplated and provided for by the contract between the parties to this action, and that the plaintiff had not effected a sale, or obtained a customer for the unsold territory of defendant's patent.

It is now urged that the learned referee erred in his conclusion of law upon the facts found.

The agreement between the plaintiff and defendant, contemplated a sale of defendant's remaining interest in his patent for $17,500, in cash, or its equivalent. Upon effecting such a sale, or procuring a customer who would buy at that rate, the plaintiff was entitled to $1,500, by way of commissions. This contract was made in September, 1857. Plaintiff made the effort according to the referee's findings. He talked up the patent with Hobbie and Swan, but they were not led to buy the defendant's unsold interest. Finally, after more than two years had elapsed since the making

of the contract, the defendant makes a contract with Hobbie and Swan, not for the sale of his interests, but for a copartnership with them, "for the purpose of selling rights secured by said patents, * * * and in the business of construction of water-works in cities and villages. Hobbie and Swan agreed to pay nothing. But the new firm of Wyckoff, Hobbie & Co. agreed to pay defendant twenty-five per cent of the net profits of sales of territory, and twenty per cent of the net profits arising from construction of water-works, until the payments should amount to $15,000, and then the patents and unsold territory were to belong to the three partners. This was very far from being a sale of defendant's interest for cash or its equivalent. Whether he ever got anything out of this contract for his patent, depended on several contingencies: whether the partners were active and successful in procuring purchasers; whether sales should yield a net profit; whether if water-works were constructed for cities and villages, such works yielded a profit to the builders; in short, whether enough of time, labor and care were expended by defendant, in connection with or independent of Hobbie and Swan, to realize $15,000 under the contract for the defendant, and pay the partners for their services and the capital necessary to be employed in the manufacture of pipes, and building of water-works. It was not a sale, but rather a putting the patent interest into a partnership undertaking, to secure sales thereof; to manufacture the pipes; to introduce them into use. For these purposes, Hobbie and Swan were brought in to help defendant. Their services were purchased for a contingent price, dependent upon success, industry and the merits of the patent. If it failed, defendant would get nothing for his patent or his services, and Hobbie and Swan would get nothing for their labor, or for any capital they might introduce.

I am clearly of the opinion, that the referee did not err in holding this was not a sale within the spirit, meaning and intent of the parties, as set forth in their contract of September, 1857. It follows that the decision of the referee on the merits was right, and should not be disturbed. The silent acquiescence of the plaintiff for twelve years, in the midst of constant business relations with the defendant, impresses me with the belief that such was his construction of the contract.

There is nothing erroneous in the rulings of the referee, in the admission or rejection of evidence.

It was competent for defendant to ask plaintiff as to his testimony on a prior examination before the county judge, to establish a fact, or with a view to his contradiction.

The judgment should be affirmed, with costs.

JAMES, J. (dissenting):

Whilst I concur with the referee in his finding of facts, I differ from him as to the legal effect of such facts.

The agreement between defendant, Hobbie and Swan, contained a contract of sale by Wyckoff to the firm, of all his interest in said patents, not specially excepted, for $15,000; and as effectually prevented a conveyance to any other person, except in pursuance of said agreement, as though it had been a sale for cash to any other third person. It was also a sale brought about by the efforts of plaintiff, whose labors were commenced and continued until the consummation of said agreement between defendant, Hobbie and Swan.

It made no difference that the sale was to a firm of which defendant was a member; it was not a sale to him, but to a legally created third person. The plaintiff, as a broker, having found persons who united in creating a copartnership which purchased the property he was employed to sell, on terms acceptable to his principal, was entitled to his commission. The referee therefore erred, in directing judgment for the defendant.

Judgment reversed; new trial granted; order of reference dismissed; costs to abide the event.

Present — MILLER P. J., BOARDMAN and JAMES, JJ.

Judgment affirmed, with costs.